## GEORGE C. BARNES, Appellant, *v.* GEORGE SIMMONS, Appellee.

### APPEAL FROM MARSHALL.

In an action upon a note, the books of a banker, showing entries made by third parties without the knowledge of the litigants, are not proper evidence. Such books are not public records, nor do they fall within any recognized class of written or documentary evidence.

THIS was a suit on a note. Declaration in the usual form, against Barnes.

Parties went to trial upon declaration, general issue, and notice of set-off.

Trial by jury; verdict for Simmons for $429.66.

On the trial, Simmons offered copy of note in evidence to maintain the issues on his part, and rested.

The defendant then called *Richard H. Maxwell,* who testified, that about a year ago he heard a conversation between the parties. Barnes said he had borrowed $400 of Simmons, and had given his note for it, but had not got the money; That Simmons' money was in the bank of Wm. L. Crane & Co., and Barnes feared it would be impossible to get the money out of the bank, as he believed it was insolvent; that Barnes had been unable to get it out; that Barnes had so told Simmons before that time, and Barnes wanted Simmons to give up the note; that Simmons said nothing denying what Barnes said, but refused to give up the note, but told Barnes to get all the money or effects he could, do the best he could to get the money out of the bank, and Simmons would do what was right about it.

Simmons then called one *Henry Crane,* who testified, that he was clerk in the bank of Crane & Co., in winter of 1857-8; that the books of the bank show that Simmons gave up his certificates of deposit, and that on same day Barnes is credited the amount of them; that the books of the bank show that Barnes has drawn out all the money from the bank. States that he has no knowledge of his own that Barnes ever re-

ceived any of the money on the checks; that he supposes so from the books and the possession of the checks by the bank, and from these only; that the books of the bank show that Barnes has drawn out all the money from the bank; that the checks appeared to have been drawn by Barnes and paid by the bank in the course of regular business.

Simmons here offered in evidence that part of the books of the bank of Crane & Co., containing the account of Barnes; also, the certificates in favor of George Simmons; and also, the checks drawn upon the bank by Barnes—to all of which, Barnes objected and excepted.

Barnes moved to set aside verdict, and for new trial; motion overruled; judgment for plaintiff for $419 and costs; whereupon Barnes prayed an appeal.

LELAND & BLANCHARD, for Appellant.

RICHMOND & BURNS, for Appellee.

WALKER, J. This record fails to disclose any evidence, necessary to authorize the admission of the books of the bank. They were not those of either party, and no necessity is perceived for their being admitted. The banker, or his clerk, who transacted the business, were doubtless competent witnesses, and must be relied upon, to prove the facts contained in the books. The entries were there made without their agency, consent, or, for aught that appears, without knowledge of the parties, and consequently were not binding upon them. They were not public records, nor do they fall within any class of written or documentary evidence. They are the entries of other persons not connected with the parties, and who had no right to bind them by what they did. The entries in these books are precisely like the declarations of those making them, and are hearsay evidence, and inadmissible. They are not made under the sanction of an oath, and not subject to cross-examination. In no point of view, and for no purpose, are they admissible in this case. The judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*