# FIRST NATIONAL BANK OF DECATUR

## v.

## FRANKLIN PRIEST.

1. MONEY HAD AND RECEIVED—*when recoverable*. The First National Bank of Decatur having advanced a sum of money to the owner of a lot of whisky, the latter employed the bank to ship the whisky for him to New York to be sold, and out of the proceeds the bank was to retain the money advanced and a reasonable commission for shipping and selling. The whisky was shipped and sold accordingly, and the proceeds received by the bank. *Held*, that the bank was liable to the owner of the whisky for the money so received, and this, independently of the question whether National Banks are, by their charters, authorized to sell produce on commission.

2. PAROL EVIDENCE—*as to contents of an account of sales*. A party who had sold the property of another, on commission, through a third person, and received the proceeds thereof, on inquiry by the owner of the property as to the returns from the sale, showed him the account of the sale in writing, which had been returned by the person who made the sale: *Held*, in an action by the party for whom the property was sold, to recover the proceeds, that it was competent for the plaintiff to testify, orally, as to the amount appearing to be due him from the written account of the sale so shown to him, without giving the defendant notice to produce it; such papers are but statements of third parties, and are not regarded as instruments which must be produced in evidence.

APPEAL from the Circuit Court of De Witt county; the Hon. JOHN M. SCOTT, Judge, presiding.

This was an action of assumpsit, commenced in the Circuit Court of Macon county, by Franklin Priest, for the use of James Millikin, against The First National Bank of Decatur, to recover a sum of money alleged to have been received by the Bank for the use of the plaintiff. The cause was removed by change of venue into the Circuit Court of De Witt county, where a trial resulted in a finding and judgment in favor of the plaintiff, for the sum of $5,266.25. The defendant thereupon took this appeal.

21—50TH ILL.

The opinion of the court presents the questions arising under the assignment of errors.

Messrs. Emerson & Smith, for the appellant.

Mr. H. Crea and Messrs. Nelson & Roby, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

It appears from the evidence in this case, that appellee employed appellant to ship for him to New York 398 barrels of whisky in bond; appellant had advanced appellee before that time $1,700, with which to pay costs of a litigation in the United States Court; appellant was to ship and sell it on commission, and retain of the proceeds the money advanced and a reasonable commission; the whisky was shipped to a New York commission house and sold, and appellee calling at the bank soon afterwards, some time in August, 1867, applied to the cashier to learn the amount of the proceeds of the sale, when the cashier handed to appellee an account of sales showing the sale of the 398 barrels, containing 22,911 gallons, which was sold at 37 cents per gallon, amounting in the aggregate to $8,847.33. Appellee made a memorandum of the amounts at the time from the account of sales, to which he testified on the trial without giving notice to produce the account; appellant objected, but the objection was overruled. It also appears that the bank subsequently paid an order of appellee drawn on it.

There was testimony that the freight on the whisky was 80 cents on the hundred pounds, and that each barrel weighed 240 pounds, and that commission on the sale of whisky was one per cent. The jury on this evidence found a verdict for appellee for the sum of $5,266.25 damages, upon which the court below rendered judgment.

It is urged, that national banks are not, by their charters, authorized to sell produce on commission, and hence appellant

is not liable in this case. If this should be conceded, still, there can be no question that the bank would be liable if it received money belonging to appellee, whether from the sale of whisky shipped by it, or from other sources. If this suit were for negligence or misconduct in transacting commission business for appellee, then a different question would be presented for determination. And in this case, if the bank received the money for which the whisky was sold, they are liable to appellee for its payment. And the evidence, as it appears in the record, would seem to prove that they had received it; otherwise, why pay his order in favor of Gallagher, after the statement of account of sales was shown to appellee? It seems that the bank had advanced money to appellee to defray expenses of litigation, which was to be refunded to them out of the proceeds of the sale of the whisky. In what manner was his bank account made good, if not from a sale of the whisky? The bank does not show, or attempt to show, that appellee had deposited money or had otherwise a credit to his bank account, upon which he could draw. This is a pregnant fact and is wholly unexplained. It fully warranted the conclusion that they had received the money on the sale of the whisky.

To fix the amount, appellee was permitted to swear, that when he called for returns of sales, the cashier showed him the account of sales, and the amount which it showed to have been received by the commission house in New York, to whom the bank had shipped the whisky. It is urged that this was improper evidence, and that the bank should have been required to produce the account as the best evidence, before appellee could resort to verbal testimony of the sum. We do not see that this violated any rule of evidence. Appellee asked to be informed of the amount of sales, and the cashier showed him figures representing the sum. It was not strictly proving the contents of a written document, but the answer made to the inquiry. Suppose, when asked, the cashier had written the amount in figures on a piece of paper and shown it to appellee, as an answer to the question;

would any person have said that it was written evidence and that it must be produced? We presume not, and in what does the difference consist? We are unable to perceive that any exists. Had the evidence been of the items and contents, it might have presented a different question. It was simply an answer to a question, made, it is true, out of the usual course of such answers, but still it was as fully an answer as if the cashier had verbally stated or read the amount from the paper.

This account of sales contained the terms of no agreement or contract. It was not evidence of itself, and could not have been read in evidence by appellant. But when appellee had testified in reference to the amount of the sale, if inaccurately stated by him, the bank could then have produced and read it in evidence, to contradict appellee. Such papers are but statements of third parties, and have not been regarded as instruments that must be produced in evidence; but if they were, the cashier showed this as an answer to the question put by appellee to him, and it was no more than would have been his verbal answer. We perceive no error in admitting this evidence.

It is urged that the sale of the number of gallons of whisky to which appellee testified, at the price fixed, would not produce the sum to which he testified, by some $370. We find from calculation that such is the case, but after ascertaining the amount it would produce at that price, and deducting appellee's indebtedness to the bank, freights and commissions from the true amount, we find, that it leaves the amount found by the jury. On this record we cannot see but that justice is done, and that the record is free from error, and the judgment of the circuit court must be affirmed.

*Judgment affirmed.*