# Hirschfelder, Adm'r, *v.* Levy & Co.

## *Action on Account.*

| 69 | 351 |
|----|-----|
| 103 | 336 |
| 104 | 252 |

| 69 | 351 |
|----|-----|
| 109 | 697 |

| 69 | 351 |
|----|-----|
| 124 | 248 |

1. *Account rendered; implied admission from silence.*—Where an account is rendered by a creditor to a debtor, to which no objection is made by the latter after having a reasonable opportunity to examine it; or where the latter retained it an unreasonable length of time without objection, ordinarily his silence will be treated as an implied admission of the justness of the debt, the inference of its correctness being more or less strong according to the circumstances of the particular case.

2. *Statement of account; when allowed to go to the jury.*—In an action on an account, where it is shown, that the creditor had rendered to the debtor a statement of. the account, which was a correct copy from the creditor's books, and to which the debtor made no objection, it is competent for a witness, who has knowledge of the fact, to testify that a statement of an account, purporting to be owing from the debtor to the creditor, shown him on the trial, is a correct statement from the creditor's books. In such case, the statement is a memorandum of the facts contained in the statement rendered the debtor; and though not technically evidence, it may go to the jury as a memorandum of facts in evidence before them, to aid their memory as to the testimony of witnesses.

3. *Account rendered; notice to produce not required.*—A statement of an account sent by a creditor to a debtor is not regarded as an instrument of writing, requiring notice to be given the debtor to produce it, before oral testimony as to its contents can be received.

APPEAL from Conecuh Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

This was an action on account brought by the appellees against Y. S. Hirschfelder, under the act of January 16th, 1879, and was commenced on the 17th of February, 1880. The defendant having died after the appeal was taken, the cause was revived in this court in the name of Emanuel Hirschfelder, as the administrator of his estate. The plaintiffs in the court below filed with the clerk, when they commenced their suit, the account sued on, duly verified under the provisions of the above act; and the defendant filed with the clerk an affidavit, also under the act, in which he deposed that "to the best of his knowledge, information and belief, the account filed in the above stated cause is not correct, and that he is not liable for the amount claimed as due therein."

On the trial, as shown by the bill of exceptions, the plaintiffs examined as a witness one Hoverman, one of the plaintiffs, who

[Hirschfelder, Adm'r, v. Levy & Co.]

testified in substance, that the defendant was indebted to the plaintiffs, but that he did not know the amount of the indebtedness, without reference to the account; that the statement of the account filed in court and shown him was made out from the plaintiffs' ledger, the entries on which were taken from their journal by their book-keeper, and was in the latter's handwriting; that witness assisted the book-keeper in making out the statement by calling out the items thereof from the books, and he saw the book-keeper write them down; that the statement was a correct copy from the books and showed the amount due from the defendant to the plaintiffs, but that he could not recollect the items without reference to the account; that monthly statements of the account sued on had been sent to the defendant by the plaintiffs and that no objection had been made thereto, until after this suit was commenced; and that he, witness, did not make any of the entries of the items embraced in the account on the plaintiffs' books. It was also shown that the account was contracted during the years 1876, 1877 and 1878. The defendant objected to the witness looking at the statement of the account shown him; the court overruled the objection and the defendant excepted. Plaintiffs then asked witness if the balance claimed as due on the account was correct, and witness answered it was. Defendant objected to both the question and the answer; the court overruled the objection and defendant excepted. Plaintiffs then asked witness to look at the account and state how much was due. Defendant objected, the court overruled the objection and permitted the witness to examine the account and answer the question, and defendant excepted. The plaintiff then offered the statement of the account in evidence, and the court, against the objection of the defendant, permitted the same " to go to the jury as evidence," and the defendant excepted.

The court charged the jury, among other things, that " they could look to the account along with the other evidence in the case, to aid them in determining what amount, if any, was due from the defendant;" and to this part of the charge the defendant excepted. There was a judgment for the plaintiffs in the Circuit Court, on verdict, and from this judgment the defendant appealed, and the errors assigned in this court are the rulings above noted.

STALLWORTH & BURNETT, for appellant, cited *Grant v. Cole & Co.*, 8 Ala. 519; *Pargoud v. Guice*, 6 La. 77; 1 Greenl. Ev. § 436; *Hudson v. The State*, 61 Ala. 334; *Memphis & Charleston R. R. Co. v. Maples*, 63 Ala. 607; 1 Greenl. Ev. §§ 436–7; *Bondurant v. Bank*, 7 Ala. 830; *Acklen's Ex'r v. Hickman*, 63 Ala. 494.

[Hirschfelder, Adm'r, v. Levy & Co.

G. R. FARNHAM, *contra*, cited 1 Ala. 321; 19 Ala. 517; 27 Ala. 377; 50 Ala. 54; 25 Ala. 57; 40 Ala. 350; 30 Ala. 242; 30 Ala. 282; 58 Ala. 349.

SOMERVILLE, J.—We can see no error in the action of the Circuit Court, allowing the account to go to the jury to be considered by them in connection with the other evidence in the case.

Its verification by affidavit, in compliance with the act of the General Assembly, approved January 16th, 1879, regulating the practice in actions on accounts, would have authorized its admission, but for the counter affidavit by the defendant, denying its correctness. This sworn contradiction, however, only destroyed its admissibility by virtue of the provisions of the statute, as *prima facie* proof of the same force as if made by deposition.—Acts 1878–79, pp. 154–5.

The evidence shows that monthly statements of the account had been sent to the defendant, and that no objection had been made by him, putting in issue its correctness, until the commencement of this suit. It is a familiar rule of law that where an account is thus presented by a creditor to a debtor and the latter makes no objection after having a reasonable opportunity to examine it; or when he *retains* it an unreasonable length of time without objection, his silence will ordinarily be treated as an implied admission of the justness of the debt, the inference of its correctness being more or less strong according to the circumstances of the particular case.—2 Whart. Ev. 1140; *Langdon v. Roane*, 6 Ala. 518.

These facts, therefore, authorized the jury to infer, in the absence of all explanation by the defendant, that he had by his silence acquiesced in the correctness of the demand, so as to render it a *stated account*.

The testimony of the witness, Hoverman, as we understand it, was not admitted for the purpose of establishing the correctness of the original book entries, of which the account is shown to be a copy. He shows himself ignorant of these entirely. Nor did he pretend to refresh his memory by reference to the items of the account so as to enable him to swear to his knowledge of the contents of such memorandum. To this end he would not have been a competent witness.—*Acklen v. Hickman*, 63 Ala. 494; *R. R. Co. v. Maples, Ib.* 601; 1 Greenl. Ev. §§ 436–7.

He proves, however, that the account, which was allowed to go to the jury, was a correct statement from the books kept by the plaintiffs, and to this extent identical in contents with the account proved by him to have been rendered to the defendant. It was a memorandum of the facts contained in the first copy

23

[Heflin v. Milton.]

which was sent to the defendant, and in the correctness of which he may have acquiesced by his silence. Such memoranda of admitted facts are frequently allowed to be put in evidence for the sake of convenience. They are not, technically speaking, evidence, but are convenient, if not frequently necessary, to aid the memory of jurors as to the testimony of witnesses. For this purpose the account was admissible, and proper to be considered in connection with the other evidence in the case.

Nor was any notice required to be given the defendant to produce the statement sent him, before receiving oral testimony as to the accuracy of the statement or memorandum allowed to go to the jury. Such memoranda are not regarded as instruments of evidence such as are required ordinarily to be produced. 1 Whart. Ev. § 152; *National Bank v. Priest,* 50 Ill. 321.

There is no error in the rulings of the Circuit Court, and its judgment is affirmed.