## James Foster v. The People of the State of Illinois, for use of Peter Apolodimas.

### Gen. No. 12,005.

1. ACTION OF DEBT—*when plaintiff bound to prove every necessary allegation of declaration in.* Where the plaintiff in such an action joins issue upon a plea of *nil debet*, he is bound to prove every necessary allegation of his declaration, and this notwithstanding such plea is not a proper plea to such declaration.

2. TRANSCRIPT OF JUSTICE—*what sufficient proof of authenticity of.* The authenticity of a transcript of a justice's docket is sufficiently established, where the same lacks a seal, by the evidence of the justice issuing the same, that it is a transcript of his docket in the case in question.

3. CONSTABLE—*when bondsmen of, liable.* The bondsmen of a constable are liable for a levy made under an execution issued upon a judgment obtained upon a fraudulent return made by such officer.

4. CONSTABLE—*bondsmen estopped to deny official capacity of.* In an action upon a constable's bond, the bondsmen are not permitted to deny the official character of such constable.

Action of debt. Appeal from the Circuit Court of Cook County; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed June 15, 1905.

E. H. MORRIS, for appellant.

STEELE, MELOAN & THOMPSON, for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

This was an action on a constable's official bond. The declaration set forth the giving of the bond in question by Ernest H. Ricker, appellant, and James C. Daly, for $10,000 and the conditions thereof; that June 18, 1900, a suit was commenced by one Hillinger against John Apolodimas and

Peter Apolodimas before R. M. Scholes, a justice of the peace; and that on said date a summons was issued in said suit by said Scholes, justice of the peace, summoning said John Apolodimas and Peter Apolodimas to be and appear, etc.; that said summons was delivered to said Ernest H. Ricker as constable to be served; that said Ricker falsely made return of said writ as served on said John and Peter by reading the same to them June 22, 1900; that said return was false and Ricker did not at any time in any way serve the said summons upon Peter Apolodimas; that said Peter did not know of said proceedings until July 28, 1900, when said Ricker came to the place of business of said Peter and made a levy upon the goods and chattels of said Peter and his partner under an execution issued by said justice upon a judgment for $25 and costs, which had been rendered in said proceedings, and which said Ricker knew was void by reason of his false return; and that in order to save his goods and chattels said Peter was obliged to pay and did pay to said Ricker the sum of $142, etc.

All of the defendants pleaded *nil debet,* and a special plea that said Ricker did serve said summons on said Peter Apolodimas, etc.

Issue was joined upon these pleas. The cause was tried, and the jury returned a verdict finding the issues for the plaintiff, the debt to be the sum of $10,000, and the damages to be the sum of $200. Judgment was entered upon this verdict for debt $10,000, and for damages $142. From the entry of this order appellant, one of the sureties, brings the case to this court.

A particular breach of the bond in question was alleged in the declaration. A proper plea to such a declaration is one denying the particular breach thus assigned. The plea of *nil debet* which was first filed herein was not the proper plea. However, appellee did not see fit to demur to it, but joined issues thereon. By so doing appellee bound itself to prove every necessary allegation of its declaration. People v. Mc-Hatton, 2 Gilm. 732; Caldwell v. Richmond, 64 Ill. 30; Mix v. People, 86 Ill. 329; Kilgour v. Drainage Com. 111

Ill. 342.    The legal situation is not changed by the fact that the defendants afterwards filed a special plea alleging that Ricker did serve said summons upon appellee, etc. Under our statute a party may plead as many matters of fact in several pleas as he may deem necessary for his defense.    The filing of the special plea here did not waive the general issue of *nil debet* then on file.    •

This case turns upon the truth or falsity of a return made by Ricker as constable upon a summons placed in his hands for service by Justice Scholes issued in a suit then pending before said justice.    That return, which is set out in full in the transcript of the justice, reads: "Personally served the within writ by reading same to the within named defendants, John Apolodimas and Peter Apolodimas, in my County this 22nd day of June, 1900.    E. H. Ricker, Constable."    Appellee swears that the constable never served that summons upon him; and there is no evidence to the contrary.

But it is contended that the justice transcript lacked a seal, and therefore should not have been admitted in evidence over the objection of appellant. It is a sufficient answer to this contention to say that the justice of the peace who issued the transcript was called as a witness, and being shown the transcript, testified: "The paper which I hold in my hand is a transcript from my docket in the case of Philip Hillinger v. Peter Apolodimas." This evidence, which was not objected to, was sufficient proof of the authenticity of the paper. The provisions of the statute are not exclusive. Willoughby v. Dewey, 54 Ill. 268. Indeed, the statute provides that such papers may be proved by copies examined and sworn to by credible witnesses. R. S. Hurd, 1903, Section 17, Chapter 51. The transcript shows that Justice Scholes had jurisdiction of the subject-matter of the Hillinger suit, and that in such suit in the usual course of his duty as a justice he issued a summons against appellee, and gave it to said Ricker as constable for service. It also shows that Ricker returned said summons as served upon appellee June 22, 1900, that judgment was rendered in said suit in favor of Hillinger and against appellee and his brother John, and

that an execution based upon that judgment was issued to said Ricker for service June 26, 1900.

It is objected that it is not shown that Ricker was acting under the execution in the Hillinger case when he invaded the premises of appellee and threatened to take out the goods therein situate. It is in evidence, and uncontradicted, that when Ricker made demand on appellee for the payment of the judgment he handed to appellee a copy of an execution. When shown this copy Justice Scholes said: "I don't know who made that paper; it is not mine." Q. "Is that a copy of that execution?" A. "Yes, I guess it is." This evidence with that given by appellee upon the same subject, rendered the execution competent testimony in this case.

The unlawful act of Ricker in returning said summons as served by him upon appellee, when he had not served him and had never seen him prior to the levy of the execution, wrongfully obtained by reason of such fictitious service, was an act which was provided against by the condition of the bond sued upon. By joining in the execution of such bond appellant bound himself that Ricker should faithfully discharge the duties of his office as constable, and, if Ricker failed to do so, that appellant, in a proper case, would respond in damages.

There is no merit in the contention that, as the declaration alleges "that Ernest H. Ricker had been duly appointed a constable in and for the Town of Lake View," while under the statute all constables must be elected, there is no sufficient allegation as to the alleged official position of Ricker. In this regard the declaration but follows the recital of the bond in suit. Again, in an action upon a constable's bond, the obligees are not permitted to deny that their principal is constable. Upon that question the execution of the bond estops them. Shaw v. Havekluft, 21 Ill. 128.

Believing that substantial justice has been done in this case, and that no reversible error appears in the trial, we affirm the judgment of the Circuit Court.

*Affirmed.*