# The People of the State of Illinois for use of Kaskaskia Commons Permanent School Fund, Appellant, v. Edward E. Mitchell, Appellee.

1. APPEAL AND ERROR—*law of case on second appeal to Appellate Court.* Upon appeal from a second judgment adverse to the People in an action of debt upon the bond of a State treasurer, based upon the alleged failure of such treasurer to invest the proceeds of the sale of the Kaskaskia Commons in "good first mortgages on real estate" pursuant to the requirements of Laws 1909, p. 425, the determination of the Appellate Court as to the duty of the treasurer under that statute is the law of the case for the second appeal, the court having reversed and remanded the first judgment in bar of the action which had been entered following the sustaining of demurrers to certain of the appellant's replications.

2. DEBT, ACTION OF—*plea of nil debet.* In an action of debt upon an official bond, a plea of *nil debet* is not good.

3. DEBT, ACTION OF—*burden of proof where issue joined on plea of nil debet.* Where plaintiff in an action of debt on an official bond joins issue on a plea of *nil debet*, he thereby assumes the burden of proof as to every material averment of his declaration.

4. EVIDENCE—*admissibility of testimony by corporation secretary as to corporate acts also evidenced by records not introduced.* On an issue as to whether a corporation had effected a sale of certain bonds issued by it, testimony of the secretary of the corporation that such sale had been made was improperly excluded on the ground that the books and papers of the corporation were the best evidence of such sale, the witness having testified that he had knowledge of the facts, acquired as secretary of the corporation.

5. HARMLESS AND PREJUDICIAL ERRORS—*exclusion of competent evidence which would have required verdict for appellant.* Where it was error to exclude certain evidence, and in the state of the record the admission thereof would have presented a case requiring the court to direct a verdict for the appellant, such error must be deemed ground for reversal.

6. OFFICERS AND PUBLIC EMPLOYEES—*exclusion of evidence of demand in action on bond of state treasurer.* It was not error, in an action of debt upon the official bond of a State treasurer based upon the investment of school trust funds in securities other than those permitted by statute, to exclude proof of a demand upon defendant for the return of the money, the averment and proof of such demand not being essential to the plaintiff's case.

7. OFFICERS AND PUBLIC EMPLOYEES—*propriety of refused in-*

*struction in action on bond of state treasurer.* Requested instructions in an action of debt upon the bond of a State treasurer examined and held properly refused.

8. OFFICERS AND PUBLIC EMPLOYEES—*propriety of requested instruction as to responsibility of State treasurer for invested trust funds, in action on official bond.* Where the statute required a State treasurer, as custodian of a school trust fund, to invest the same in good first-class mortgages on real estate, a requested instruction, in an action upon the bond of such treasurer based upon a loss alleged to have resulted from noncompliance with such statute, that the treasurer "was an insurer of the safety of the school fund and that he was required to safely keep and invest the same in the character and quality of securities authorized by statute, and to account for the same to his successor in office and that nothing except an act of God or of the public enemy in time of war would exonerate him for a failure to perform said duties," held properly refused because not a correct statement of the law applicable to the case.

Appeal by plaintiff from the Circuit Court of Jackson county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the October term, 1925. Reversed and remanded. Opinion filed February 17, 1926.

EDWARD J. BRUNDAGE, Attorney General, SHERMAN & BAINUM, GEORGE P. RAMSEY and JESSE E. BARTLEY, for appellant.

JOHN J. HEALY and CHARLES E. FEIRICH, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.

This is an action of debt on the official bond of appellee as State treasurer. The statute [Laws 1909, pp. 425, 430] made it his duty, as such treasurer, to invest the "Kaskaskia Commons Permanent School Fund" in certain specific bonds or in "good first mortgages on real estate." The United Flour Mills Company executed a trust deed on its real estate to the Continental and Commercial Trust and Savings Bank and Frank H. Jones, as trustees, to secure a bond issue of $500,000. At the time the trust deed was executed the bonds

were not an actual indebtedness of the grantor, but were to be executed and placed in the hands of the said bank as trustee. $350,000 thereof were to be certified by said bank at once and delivered to the grantor, and the balance were to be held and issued from time to time for improvement purposes. The deed contained a provision that the property should be held for the equal pro rata benefit and security of the holders of the bonds, at whatever period the same may be issued, without preference or priority of one bond over another. The president and secretary of the grantor were authorized to immediately negotiate, sell, pledge or use $350,000 of the bonds to raise money for the use of the company and to pay its debts. By the terms of the trust deed there was no actual mortgage indebtedness until some of the bonds were negotiated. Appellee invested $20,000 of the said school fund in 30 of the bonds aforesaid of the par value of $20,000.

The court sustained a demurrer to certain of appellant's replications and rendered judgment in bar of the suit. Upon appeal to this court the judgment was reversed and the cause remanded. *People v. Mitchell,* 223 Ill. App. 8. We then held that the statute was intended to insure that the investment of the said school fund should be a first debt in priority of lien under the mortgage and not simply one of a number of the debts of the mortgagor, secured by a first mortgage, and of equal priority. In other words, that if other bonds secured by the trust deed were an equal lien with the bonds in question and were sold by the mortgagor, appellee had failed to invest the school fund in a "good first mortgage on real estate" as the law required. That opinion is the law of the case and is binding on this appeal. *Worthy v. Birk,* 224 Ill. App. 575.

When the cause was redocketed in the circuit court, appellant amended its declaration and appellee extended his pleas of *nil debet, non est factum,* performance and *non damnificatus* and withdrew all others. Is-

sues were joined and it was stipulated that all evidence might be offered that would be admissible under special pleas properly pleaded. The plea of *nil debet* is not a good plea in an action of debt on an official bond, but if the plaintiff joins issue on such a plea he is bound to prove every material averment of his declaration. 1 Chitty Pl. 483; *Price v. Farrar*, 5 Ill. App. 536; *Foster v. People*, 121 Ill. App. 165. As appellant joined issue on the plea of *nil debet* it assumed the burden of proof.

The recitals in the trust deed are not sufficient to show that at the time of its execution any of the bonds had become valid obligations of the grantor. They were not to become binding until certified and negotiated. The United Flour Mills Company was a corporation under the laws of Minnesota and its principal office was in Minneapolis. William F. Kelm was the secretary of the company from the time of its organization until it ceased to do business. Appellant took the deposition of Mr. Kelm for the purpose of showing that many of the bonds secured by the trust deed were sold. He said that he was testifying from his own knowledge after refreshing his recollection by looking at an audit made under his direction and supervision and at a memorandum he had made. He was asked: "You may state, if you know, how many of the bonds were sold?" The question was objected to by appellee as without foundation, not the best evidence, calling for a conclusion, incompetent, irrelevant and immaterial. The objection was sustained. His answer was: "A total of $391,500 bonds were issued; they were actually sold to the Continental and Commercial Trust and Savings Bank, $350,000; and $41,500 were in the treasury of the company at the time of the receivership, about $30,000 of this had been used as collateral to secure loans." The court refused to allow the answer to be read to the jury. The witness was then asked: "On this proposition you are testifying from

your knowledge of the matter?" And he answered: "Yes, from my knowledge as secretary of the company." Appellee then objected on the ground that the question was leading, suggestive, immaterial, incompetent and irrelevant. Although there had been no motion to suppress, the objection was sustained and the answer excluded.

Appellee insists that the court did not err in excluding the answers aforesaid because the books and records of the corporation were the best evidence and should have been produced. The witness testified that he had an independent recollection of the facts and that he had been the secretary of the company since its organization. When it appears that a witness has a distinct and independent recollection of the matters of which he testifies, his testimony is not rendered incompetent under the best evidence rule by reason of the fact that he or some other person made a contemporaneous written memorandum of those matters which is not produced. 22 Corpus Juris 985. Where the matter to be proved is a substantive fact which exists independently of any writing, although evidenced thereby, and which can be as fully and satisfactorily established by parol as by the written evidence, then both classes of evidence are primary and independent and parol evidence may be admitted regardless of the writing. 22 Corpus Juris 983-984.

It often happens that parol testimony as to a fact may be primary evidence although there is written evidence of the same fact. If the essential fact to be proved is not the contents of a written instrument, but an independent fact to which the writing is merely collateral or of which it is merely an incident, there is no reason for the application of the best evidence rule. Jones on Evidence, ¶ 203. A witness who has acquired his knowledge from looking at the waybills may testify as to where certain cars came from without the introduction of the waybills in evidence, since

said instruments are merely memoranda and do not come within the best evidence rule. *Wagner v. Chicago, R. I. & P. Ry. Co.,* 277 Ill. 114. The time at which trains should be run may be proved by oral evidence without producing the printed time-table. *Chicago B. & Q. R. Co. v. George,* 19 Ill. 510.

In an action on a note, the books of a banker showing entries made without the knowledge of the litigants are not proper evidence. They do not fall within any recognized class of written or documentary evidence. *Barnes v. Simmons,* 27 Ill. 512. A bank sold the property of a customer through a third party and received a written account of the sale. When the customer asked the cashier what the property sold for he was shown the account. It was held that the customer could testify as to the amount shown on the sales account without giving the bank notice to produce it and that such a paper is but the statement of a third party and is not regarded as an instrument which must be produced in evidence. *First Nat. Bank of Decatur v. Priest,* 50 Ill. 321. As a general rule the books of a corporation are not evidence against strangers. *Chase v. Sycamore & C. R. Co.,* 38 Ill. 215.

The court erred in sustaining the objections to the questions propounded to the witness Kelm. Parol evidence was admissible to prove that the bonds were sold by the United Flour Mills Company. If the books of the company had been offered in evidence, and no witness testified to the sale of the bonds, appellee, no doubt, would have objected on the ground that the books were not competent evidence against him, but simply hearsay, and the objections would have to be sustained. After the exclusion of the testimony of the witness Kelm there was but little evidence before the jury tending to show that any of the bonds had been sold other than those purchased by appellee. The witness Goddard testified that he sold some of the bonds for the Continental and Commercial Trust and

Savings Bank, but that he could not recall the amount. After much questioning he finally said that his best recollection was that he sold more than $20,000 par value; that he sold $20,000 of them to the First National Bank of Carbondale. From the deposition of Walter J. Engle, which was excluded by the court, it appears that the bonds sold to the First National Bank of Carbondale were the same bonds which were afterwards purchased by appellee. The secretary of the Continental and Commercial Trust and Savings Bank testified that the amount of the bonds actually issued and secured by the trust deed was $391,500, but that he did not know how many of them were sold. Appellee brought out, on cross-examination of the witness, that the interest coupons on the several bonds, about which he testified, were paid to the several holders thereof until August 1, 1915. There was no other evidence that reached the jury tending to show the amount of the bonds sold.

In the state of the proof we cannot say that the verdict would have been the same if the excluded testimony of Kelm had been admitted. The exclusion of that evidence was reversible error. If it had been admitted it would have been the duty of the court, in the state of the record, to have directed a verdict in favor of appellant.

It was not necessary for appellant to aver or prove that a demand was made upon appellee for a return of the money. That being true, the court did not err in excluding proof of the demand. For some time after appellee purchased the bonds in question, the interest thereon was paid by the mortgagor. Appellant called a witness who testified that he had calculated the amount due on the bonds, and said it was $28,191.66. On motion of appellee his testimony was stricken. There was no reversible error in that ruling. The court did not err in excluding the testimony of J. E.

Mitchell. His testimony did not pertain to or throw any light upon the issues of the case.

Appellant argues that the court erred in refusing its eleven instructions. The first, second, third and seventh informed the jury that the trust deed was not a good first-class mortgage on real estate without regard to whether any of the other bonds secured thereby had been sold or negotiated. The third also assumes the existence of facts instead of requiring the jury to find them from the evidence. The fourth assumes that the investment was not authorized by law. The fifth states a different measure of damages from that found in appellant's third given instruction. The sixth is based on evidence that was excluded, that is, that $350,000 of the bonds had been sold. The eighth informed the jury that appellee was an insurer of the safety of the school fund and that he was required to safely keep and invest the same in the character of and quality of securities authorized by statute, and to account for the same to his successor in office and that nothing except an act of God or of the public enemy in time of war would exonerate him for a failure to perform said duties. We think this instruction is not a correct statement of the law applicable to this case. If appellee loaned the fund on a good first mortgage on real estate he had performed his duty under the law. The latter part of the ninth refused instruction is not based on the evidence and is confusing. The tenth is based partly on evidence that was excluded. The eleventh states a measure of damages in conflict with that in appellant's third given instruction. We are of the opinion that the court did not commit any substantial error in refusing any of said instructions.

Appellee has assigned cross errors to the effect that the court erred in refusing to admit proper evidence offered in his behalf. The rulings, in that regard, were in line with what we said in our former opinion, which is the law of the case, and is binding upon this appeal.

The evidence which was offered by appellee and excluded by the court presented no defense to the action and was properly excluded. The judgment of the circuit court is reversed and the cause remanded for further proceedings.

*Reversed and remanded.*