## LOWRY, et al. v. CLEMENTS.

1. Although the act of 1833, directs, that when an attachment shall be served in the hands of a supposed debtor, &c. of the defendant, the garnishee shall be summoned in writing, yet it is not necessary that a copy of the written summons should be returned with the attachment; but a return by an officer that he had summoned a third person as a garnishee, will warrant the inference that the duty was performed according to law.

2. To authorize a judgment against a garnishee who is in default, it is necessary, not only that a conditional judgment should be entered against him, but a *scire facias* issued thereupon, should be executed and returned, or something equivalent should be shown.

3. To sustain a judgment against a garnishee, it should appear that the plaintiff had recovered a judgment against the defendant in the principal suit; but it is allowable for the garnishee to assign errors upon the latter judgment.

Error to the County Court of Pike.

THE defendant in error sued out an original attachment against the estate of David and Larkin N. Mimms, on which the justice issuing the same made the following indorsement: "The sheriff will levy this attachment in the hands of Geo. Lowry, George McAdams, and James Mimms;" and the sheriff returned, that he had "personally served the within garnishment on George Lowry, James Mimms, and Geo. McAdams."

Damages were assessed against the defendants in attachment, upon their default, to the amount of $394 22, and judgment was rendered accordingly. At the same time, a judgment *nisi* was rendered against the garnishees, and a *scire facias* directed to issue. A judgment final was rendered at the succeeding term, against the garnishees, for the amount of the recovery against the defendants in attachment, reciting the judgment *nisi*, but affirming nothing in respect to the *scire facias*.

The cause is brought here by the garnishees who insist that the judgment against them is erroneous—1. Because they were never served with process of garnishment. 2. Because a *scire facias* was not issued upon the judgment *nisi*, and served on them. 3. Because the judgment against the defendants in attachment was rendered without a previous levy on property, or an admission of indebtedness by the garnishees.

J. BUFORD, for plaintiff in error.
J. S. SAYRE, for the defendant in error.

COLLIER, C. J.—It is enacted by the attachment law of 1833, that "when an officer shall serve an attachment in the hands of any person supposed to be indebted to, or have any of the effects of the defendant, he shall at the same time sum-

mon such person in writing, to appear and answer as a garnishee, &c. And where a garnishee shall be returned summoned in that manner, and shall fail to appear and answer, it shall be lawful to enter a conditional judgment against him, upon which a *scire facias* shall issue returnable to the next term, to show cause why final judgment should not be entered against him; " and upon such *scire facias* being duly executed and returned, if such garnishee shall fail to appear according to the mandate thereof," and answer upon oath, " the court shall confirm such judgment, and award execution for the plaintiff's whole judgment and costs." [Clay's Dig. 59, §§ 19, 20.]

The statute, it will be observed, does not require that a copy of the written summons, which he is directed to leave with the garnishee, shall be returned with the attachment. It is only the mode in which, in the language of the act, the officer is directed to " serve an attachment in the hands" of a third person, and when it is stated in the return that garnishments have been served on such persons, or that they have been summoned as garnishees, the inference is, that the duty has been performed according to law. See Burt v. Parish & Co. at this term.

It is required by the statute, in most unequivocal terms, that to authorize a final judgment against a garnishee, who continues in default, not only a conditional judgment should be entered against him, but a *scire facias* issued thereupon, should be executed and returned, or something equivalent should be shown. Here a conditional judgment has been rendered, but it does not appear from the record, that a *scire facias* has been served, or even issued. This is a fatal defect. See 9 Porter's Rep. 163; 1 Ala. Rep. 48; 2 Ala. Rep. 73.

It is certainly essential to the regularity of a judgment against a garnishee, that it should appear the plaintiff had recovered a judgment against the defendant in the principal suit, (Blair v. Rhodes, 5 Ala. Rep. 648.) But if such a judgment is shown by the record, the garnishee cannot assign errors upon it—if the defendant does not object to its legal correctness, it will sustain the proceeding against the garni-

shee. [Minor's Rep. 129; 1 Stew. Rep. 180; 3 Stew. R. 326.]

For the error in the second point considered, the judgment of the County Court is reversed, and the cause remanded.