# Foster & Rudder v. Smith.

*Statutory Action of Detinue by Mortgagee against Mortgagor.*

1. *Detinue by mortgagee against mortgagor; right to. put in issue amount due on mortgage debt, or to prove payment of mortgage.*—In an action of detinue by a mortgagee against his mortgagor to recover property conveyed in the mortgage, it is competent for the defendant to put in issue the amount due upon the mortgage debt, in order to obtain the benefit of section 2720 of the Code, with the privilege of paying the amount so ascertained to be ·due within 30 days· from date of judgment; or he could, under section 1870, prove payment of the mortgage debt, and thus defeat the action.

2. *Same; right to have the court ascertain and apply balance on mortgage debt.*—Where a mortgagee and mortgagor agreed that at the end of the year there was to be a settlement between them of their mutual accounts, outside of the mortgage debt, and that any balance ascertained to be due the mortgagor was to be credited on the mortgage debt, but such settlement was never had, in a statutory action· of detinue against him by the mortgagee for property conveyed in the mortgage, the amount of the mortgage debt being in issue, the mortgagor is entitled to have the court make such settlement and apply any ascertained balance to the mortgage debt, if the accounts are not too complicated to be adjusted in a court of law.

3. *Evidence; when memorandum of account admissible.*—In an action where the correctness of mutual accounts is in issue, and a witness testifies, from independent recollection, that a memorandum of the account which he made is correct in each item and shows every item of debit and credit between the parties, such memorandum is ·admissible in evidence to aid the jury in recollecting the witness's testimony as to what the correct items of the account were; and it is error for the court to refuse to allow its introduction.

4. *Same; what land should produce if properly cultivated irrelevant*

[Foster & Rudder v. Smith.]

*and inadmissible.*—In a statutory action of detinue by a mortgagee against his mortgagor, where the amount of the mortgage debt is in issue, evidence as to what land cultivated by the defendant, who was also plaintiff's tenant, would have produced if properly cultivated, is wholly irrelevant and inadmissible.

5. *Action of detinue by mortgagee against mortgagor; burden on plaintiff to prove correctness of his accounts.*—Where a mortgagee and mortgagor agree that at the end of the year there was to be a settlement between them of their mutual accounts, outside of the mortgage debt, and that any balance ascertained to be due the mortgagor was to be credited on the mortgage debt, but such settlement was never made, in a statutory action of detinue against the mortgagor by the mortgagee for property conveyed in the mortgage, the amount of the mortgage debt being in issue, the burden is on the plaintiff to prove the correctness of his account against the defendant.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. JOHN B. TALLY.

This was a statutory action of detinue, brought by the appellants, Foster & Rudder, against the appellee, E. M. Smith, to recover the possession of some mules, which had been conveyed by a mortgage, executed by the defendant Smith to one Tally, and by said Tally transferred to the plaintiffs. The facts of the case and the contention of the respective parties to the litigation are sufficiently stated in the opinion.

Upon the introduction of all the evidence the plaintiff requested the court to give the following charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury find from the evidence that the agreement was that the balance due on a settlement between the parties was what was to be credited on the mortgage, and they further find that the parties never had a settlement and agreed on the balance, then the jury should not go into a statement of the account, but should only allow the credits which are entered on the mortgage, calculate the amount due on the mortgage after deducting the credits thereon, and find for the plaintiffs for the balance due, and for the property, and assess its value as shown by the evidence." (2.) "If the jury find from the evidence that only a balance due on a settlement was the credits which the plaintiffs agreed to allow, and the parties had no settlement, and no other agreement to apply credits, then there are no credits except those allowed by the plaintiff; the other

matter of account would be left to be settled in some other way." The court at the request of the defendant gave the following written charge, and to the giving of this charge the plaintiffs duly excepted : "The burden is also on the plaintiffs to establish their account against the defendant."

There was judgment for the defendant, and the plaintiffs appeal, and assign as error the rulings of the court upon the evidence, and the giving and refusal of the charges asked.

J. E. BROWN, for appellants.—1. The court erred in refusing to allow the memorandum of the items of the accounts between the plaintiffs and defendant to be introduced in evidence. It was material to a proper decision of the cause by the jury.—*Hirschfelder v. Levy* 69 Ala. 351 ; *Mooney v. Hough*, 84 Ala. 80 ; *Snodgrass v. Coulson*, 90 Ala. 347.

2. If the pleading in this cause below, presented the issue of payment under section 1870 of the Code, or of the amount due on the mortgage, under section 2720 of the Code, it was only the matters of payment, and not matters of set-off and recoupment that were matters pertinent to the issues.—*Thompson v. Greene*, 85 Ala. 240 ; *Lampley v. Knox*, 92 Ala. 626 ; *Sanders v. Cassady*, 86 Ala. 246 ; *Harper v. Weeks*, 89 Ala. 577.

No counsel marked as appearing for appellee.

HEAD, J.—Detinue for mules by appellants against appellee. Plaintiffs relied on title by mortgage executed by defendant to one Tally, and by Tally transferred to them. It is not disputed that defendant owed some $170 on the mortgage debt, at the time of transfer. The plea was the general issue, with leave to give in evidence any special matter of defense. It was competent for defendant to prove payment of the mortgage debt to defeat the action.—Code, § 1870. It was also competent for him to put in issue the amount due upon the mortgage debt, to obtain the benefit of the provisions of section 2720 of the Code ; and if there was anything objectionable in the way this issue was made up, in the present case, the plaintiffs waived it by not objecting.

It appears that about the time of the transfer of the

mortgage, the defendant became an agricultural tenant
of the plaintiffs, and during this relation they had many
mutual dealings—the plaintiffs making advances to the
defendant, and incurring debts to him in divers ways.
Defendant gave evidence in support of his claims, and
further, that they were—the most of them—incurred,
under agreement with plaintiffs, that they were to be
credited on the mortgage debt.   Plaintiffs gave evidence
in support of their demands, outside of the mortgage debt,
and, further, evidence tending to show that it was ex-
pressly agreed that defendant was to be credited on the
mortgage debt with only such balance as might be ascer-
tained in his favor, on a settlement of their mutual accounts
outside of the mortgage debt, to be had between them at
the end of the year.   That settlement never took place ;
and one of the questions raised by the record is, whether,
if plaintiffs' version of the agreement be true, the court
can now make the settlement between the parties and
ascertain the balance, if any, which the defendant is en-
titled to have applied to the mortgage debt.   The court
decided this question, correctly as we think, in favor of
the defendant.   According to this version, defendant
was entitled to have a settlement and the benefit of any
balance in his favor, to go in payment or dimunution of
the mortgage debt, at the time contemplated by the parties
for the settlement to be made ; and if not had voluntarily,
the law affords either party a remedy, in the courts, to
coerce it ; otherwise one might be deprived of valuable
rights by the willful refusal of the other to settle.   There
appears to be no such complication of accounts as that a
court of law cannot adjust them.   It is a constant prac-
tice to settle such accounts before juries.   The two
charges requested by the plaintiffs were, therefore, prop-
erly refused.

There was much conflict in the evidence as to the cor-
rectness of many of the mutual demands.   The plaintiff,
Rudder, who had kept the accounts for plaintiffs, when
on the stand as witness, produced a memorandum which
he had made out, and which he testified showed correct-
ly every item of debit and credit between the parties.   It
does not appear that this memorandum was used to re-
fresh his recollection as a witness, or to supply the place
of recollection, upon proof that he knew of its correctness
at the time it was made out, and from that fact, without

[Jones v. Lowery Banking Co.]

recollection of the items, presently knew it to be correct. See *Acklen v. Hickman*, 63 Ala. 494. But he proposed to introduce the paper in evidence, not as evidence of the correctness of the account, but to aid the jury in recollecting his testimony as to what the correct items of account were, he having testified, from independent recollection, to the correctness of each item on the memorandum. It has been several times decided by this court that it is not error to allow an account to go to the jury under such circumstances, and for such a purpose.—*Hirschfelder v. Levy*, 69 Ala. 351; *Mooney v. Hough*, 84 Ala. 80; *Snodgrass v. Coulson*, 90 Ala. 347. The question now is, whether it is error to refuse so to allow it. The writer is inclined to the opinion that the admission to the jury of such memoranda, under the circumstances of this case, for the purpose mentioned, should be left to the sound discretion of the trial court; but the other members of the court think, and we so hold, that it is a valuable right of the party offering it, the denial of which is a reversible error.

There was no error in refusing to permit the witness, Rudder, to testify what the land cultivated by defendant would have made with proper cultivation. We can see no possible relevancy of such testimony to any issue before the jury.

In stating the accounts between the parties before the jury the burden was on plaintiffs to prove the correctness of their account, and the court properly so instructed the jury.

Reversed and remanded.