# Birmingham Railway Light & Power Co. *v.* Seaborn.

### Damage for Injury to Passenger.

(Decided May 12, 1910. Rehearing denied June 30, 1910.
53 South. 241.)

1. *Carriers; Passengers; Termination of Relation.*—The duty of a railroad company as a common carrier of passengers is not performed until it delivers its passenger at the station to which he has bought a ticket or paid his fare.

2. *Same.*—Where a passenger has been carried beyond his destination through no wrong or negligence of the carrier and is deposited safely at some other station, the carrier is not liable for injuries he may sustain in attempting to return to the proper station, unless the carrier attempts to transport him back and the passenger is negligently injured en route; and as no duty rests on the carrier to get him back to the proper station, the action of a servant of a carrier in advising or directing him as to his return would be merely gratuitous for which the company would not be liable.

3. *Same; Injury to Passenger.*—Where a passenger is wrongfully or negligently carried past his destination, it is the duty of those in charge of the train either to back the train to the station, or to notify the passenger how and when to alight, warn him of any danger incident to alighting at that point, and to give him such instructions and assistance as will be necessary to assure his safe return, and the company is liable for injuries sustained without the fault of the passenger in making his way back to the station.

4. *Same; Evidence.*—Where there was no evidence that the passenger was informed of the custom or that the carrier offered to conform therewith, it was not competent to introduce evidence of the custom as to what the carrier did with passengers carried beyond their destination.

5. *Witnesses; Examination; Cross.*—Where the passenger was carried past her destination, and was injured by falling on a trestle in returning to her destination, it was not error to exclude a question to a witness "what trestle was there at the time your wife claims to have been hurt?"

6. *Same; Refreshing Memory.*—A witness may be permitted to consult memoranda so as to refresh his recollection, if, after being so refreshed, he can testify as a matter of independent recollection to the facts, or that at or about the time the memoranda was made he knew the contents and that they were true.

7. *Charge of Court; Instructions; Cured by Others.*—Where the court had charged that a passenger, who was carried beyond her destination, and was injured while returning, had a cause of action if she had been negligently carried beyond her destination, or if she

was wrongfully misdirected after she got off, the error in such charge was not cured by a correction authorizing recovery on negligence growing out of a misdirection, but pretermitting the facts that she must have been negligently carried beyond her destination.

8. *Same.*—A charge authorizing a recovery against the carrier on negligence growing out of a misdirection to a passenger who had been carried beyond her destination, but which pretermits the fact that she must have been negligently carried beyond her destination, is a misstatement of the law and is not merely misleading so as to be cured by written charges.

9. *Same; Invading Province of Jury.*—Charges that define positive and negative evidence and declare that positive evidence is entitled to more weight than negligent evidence are not only calculated to mislead, but are invasive of the province of the jury.

10. *Same; Directing Verdict.*—Where the evidence is in conflict as to any material matter, the court cannot properly direct what the finding of the jury shall be.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by Isa A. Seaborn against the Birmingham Railway, Light & Power Company. From a judgment for plaintiff, defedant appeals. Reversed and remanded.

Plaintiff was a passenger on defendant's cars, and alleges that as a proximate consequence of the negligence on part of the defendant in transporting her she was injured. The specific negligence alleged was that plaintiff desired to alight from the car at a station called West Highlands on defendant's car line, and that the defendant negligently carried her and some others with her some distance beyond this stopping place, whereupon the conductor told her that it was a short and easy walk back to the station, and that while making the attempt to get back to the station plaintiff had to cross a track, and fell on the trestle and received certain injuries. The defendant denied the happening, and also set up contributory negligence on part of the plaintiff in attempting to walk said trestle.

The following charges are referred to as being given for the plaintiff: "(4) I charge you that positive evidence of the fact, if from a reliable and trustworthy

source, is more convincing and entitled to more weight than negative testimony from a source equally as reliable. (5) I charge you that evidence is positive when a witness states that an event did or did not occur, and it is negative when a witness says that he did not see or hear a certain thing; and when there is both positive and negative evidence of a particular matter in dispute, and the witnesses are of equal credibility, the positive testimony is entitled to the greater weight, if both parties have equal opportunities to know the fact."

The following charge was refused the defendant: "(8) If you believe the evidence in this case, you cannot find for the plaintiff."

TILLMAN, BRADLEY & MORROW, and L. C. LEADBETTER, for appellant. Counsel discuss the assignments of error relative to the evidence, but without citation of authority. The court erred in the part of the oral charge excepted to.—*B. R. L. & P. Co. v. Jones,* 146 Ala. 277; *Huggin's Case,* 148 Ala. 153; *B. R. L. & P. Co. v. Moore,* 50 South. The attempted correction instead of curing the error, emphasized it.—*L. & N. R. R. Co. v. Cannon,* 48 South. 64. The court erred in giving the 4th and 5th charges for the plaintiff.—*L. & N. v. York,* 30 South. 676; *Norwood v. The State,* 24 South. 53; *Boswell v. Thompson,* 49 South. 73.

ALLEN & BELL, for appellee. There is no merit in the assignment of error on the evidence.—*Robertson v. L. & N.,* 37 South. 831; *Adams v. Mo. Pac.,* 100 Mo. 555. It was proper to permit evidence of usage and custom under such circumstances.—*Memphis v. Graham,* 94 Ala. 545; *E. T. V. & G. v. Johnson,* 75 Ala. 604; *M. & E. R. R. Co. v. Kolb,* 73 Ala. 401; *A. G. S. v. Roul,* 110 Ala. 266. The court did not err in excluding the memo-

[Birmingham Railway Light & Power Co. v. Seaborn.]

randa from the witness.—*Mims v. Sturdivant,* 36 Ala. 636.   The court will not be placed in error on account of its oral charge since at most it was merely misleading, and was corrected by written charges given.—*Rutledge v. Rowland,* 49 South. 463; *B. R. L. & P. Co. v. Jung,* 48 South. 434.   The relation was not terminated when the injury was sustained.—*K. C. M. & B. v. Matthews,* 39 South. 212; *Mobile Ry. Co. v. Walsh,* 40 South. 560; *Milton v. B. R. L. & P. Co.,* 45 South. 151.   The court did not err in giving charges 4 and 5.—*Kennedy v. Kennedy,* 2 Ala. 571; *Stoddard v. Kelly,* 50 Ala. 452; *Poole v. Deavers,* 30 Ala. 672; *Harris v. Bell,* 27 Ala. 521.

ANDERSON, J.—The duty of a railroad company, as a common carrier of passengers, is not performed until it delivers its passenger in proper condition at the station to which he has paid his fare; and where a passenger on a railroad train is carried past his point of destination, it is the duty of those in charge of the train to either back the same to the station, or to notify the passenger how and when to alight. warn him of any dangers incident to alighting at that point, and give him such assistance or instructions as may be necessary to assure his safe return to the station; and if, without the fault of the passenger, he is injured in making his way back to the station, the company is liable therefor.—Hutchison on Carriers, § 1126 (3d Ed.) and note; *New York R. R. v. Doane,* 115 Ind 435, 17 N. E. 913, 1 L. R. A. 157, 7 Am. St. Rep. 451; *Adams v. R. R. Co.,* 100 Mo. 555, 12 S. W. 637, 13 S. W. 509.   This liability only arises, however, when the passenger has been wrongfully or negligently carried beyond his destination.   If he has been carried beyond his destination, through no wrong or neglect of the servants of the com-

pany, and is safely landed at some other station, the company is not liable for any injuries he may sustain in attempting to return to the proper station, unless, of course, they attempted to transport him back and he was negligently injured. And as no duty would rest upon the defendant to get him back to the station, beyond which he had been carried, through no negligence of the carrier, the act of its servants in advising or directing him as to his return would be gratuitous and for which the company would not be liable.

The gravamen of the present action, therefore, must be predicated upon the negligent taking of the plaintiff beyond her destination, and the misdirection by the defendant's servants or agents as to a return, and not upon a mere misdirection, not preceded by negligently carrying her beyond her station. The oral charge of the court, excepted to by the appellant, both before and after correction, in effect, instructed that the plaintiff had a cause of action for a negligent misdirection and pretermitted hypothesizing the fact, that she had been negligently carried beyond her destination. It was in the alternative and held the defendant liable if plaintiff was negligently carried beyond her station "or" if the plaintiff was wrongfully misdirected after she got off. The attempted correction did not cure the defect, as it authorized a recovery upon negligence growing out of a misdirection and pretermitted the fact that she must have been negligently carried beyond her destination. This being a misstatement of the law, the error was not a mere misleading statement, which could be explained by written charges, and the cases of *Rutledge v. Rowland,* 161 Ala. 114, 49 South. 463, and *Birmingham R. R. v. Jung,* 161 Ala. 461, 49 South. 434, do not apply. The charge in those cases merely had misleading tendencies, which it was held could have been explained

by written charges. It would be a very unsafe rule to establish that, if the trial court charges the law incorrectly, but gives a written charge contradicting the oral one, that the error would be cured. The jury would be at sea and would not know which to follow, and experience teaches that they are more apt to heed what the court tells them than the instructions.on the slips given them. This court has often held that, if a written charge is improperly refused, the fact that it is covered in the oral charge will not cure the error.—*Snyder v. State*, 145 Ala. 36, 40 South. 978; *Orr v. State*, 117 Ala. 69, 23 South. 696. Nor can an incorrect oral charge be corrected by the giving of a written charge which contradicts it, as the jury would not know which to heed or follow.

The evident purpose of attempting to show that plaintiff knew how often the cars ran was to fasten negligence upon her by not waiting to take a car back, instead of attempting to return on foot, and which was foreign to the pleas of contributory negligence. Moreover, the witness testified that she did not know whether or not another car would be coming back from Ensley that night.

The question to R. L. Seaborn, "What· trestle was there at the time your wife claims to have been hurt?" is so framed as to not put the trial court in error for sustaining the objection to same.

The custom as to what was done with passengers carried beyond their destination was not admissible, especially not in the case at bar, as there was no evidence· that the plaintiff was informed of the custom or of an offer to conform therewith by the defendant's servants in this instance.

The true rule as to the right of a witness to refresh his memory by consulting a memorandum, and when the

memorandum is and is not admissible, is laid down in the case of *Acklen v. Hickman*, 63 Ala. 498, 35 Am. Rep. 54, and from which we quote: "The law recognizes the right of a witness to consult memoranda in aid of his recollection, under two conditions: First, when, after examining a memorandum made by himself, or known and recognized by him as stating the facts truly, his memory is thereby so refreshed that he can testify, as matter of independent recollection, to facts pertinent to the issue. In cases of this class, the witness testifies to what he asserts are facts within his own knowledge; and the only distinguishing difference between testimony thus given, and ordinary evidence of facts, is that the witness, by invoking the assistance of the memorandum, admits that, without such assistance, his recollection of the transaction he testifies to had become more or less obscured. In the cases falling within this class, the memorandum is not thereby made evidence in the cause, and its contents are not made known to the jury, unless opposing counsel call out the same on cross-examination. This he may do, for the purpose of testing its sufficiency to revive a faded or fading recollection, if for no other reason. In the second class are embraced cases in which the witness, after examining the memorandum, cannot testify to an existing knowledge of the fact, independent of the memorandum; in other words, cases in which the memorandum fails to refresh and revive the recollection, and thus constitute it present knowledge. If the evidence of knowledge proceed no further than this, neither the memorandum, nor the testimony of the witness, can go before the jury. If, however, the witness go further, and testify that, at or about the time the memorandum was made, he knew its contents, and knew them to be true, this legalizes and lets in both the testimony of the witness and the memoran-

dum. The two are the equivalent of a present, positive statement of the witness, affirming the truth of the contents of the memorandum."—1 Greenl. Ev. §§ 436, 437; *Bondurant v. Bank,* 7 Ala. 830.

The foregoing rule has been subsequently approved in the cases of *Home Insurance Co. v. Adler,* 71 Ala. 527, and *Snodgrass v. Caldwell,* 90 Ala. 323, 7 South. 834. Applying the rule to the testimony of Kendricks, who made the entries in the trip sheet and knew that they were correct at the time, but could not testify independent of the trip sheets, his testimony in connection with the trip sheets should have let it in as evidence. The same rule should be applied as to testimony and trip sheets of other conductors, upon the next trial.

Charges 4 and 5 given at the request of the plaintiff could have well been refused. If not otherwise bad, they invade the province of the jury and are calculated to mislead.

Charge 8, requested by the defendant, was properly refused. It invaded the province of the jury.

For the errors heretofore suggested, the judgment of the city court is reversed and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and SAYRE, JJ., concur.