[Singleton, et al. v. Doe, ex dem. Smith.]

# Singleton, *et al. v.* Doe, *ex dem.,* Smith.

## *Ejectment.*

(Decided December 18, 1913. 63 South. 949.)

1. *Witnesses; Examination; Refreshing.*—A witness may testify to matters as of independent recollection, where, after examining a memorandum made by him, or known and recognized by him as correct, his memory is so refreshed, but the memorandum is not thereby made evidence.

2. *Same.*—If, after examining a memorandum, a witness cannot testify to an independent knowledge of the fact independent of the memorandum, neither the memorandum nor his evidence is admissible, unless he can testify that at or about the time the memorandum was made he knew its contents, and knew them to be true, in which case, both the testimony and the memorandum are admissible.

3. *Same.*—Where, after examining his own deed, and independent thereof, a witness could not state the contents of the missing deed, though he claimed to know that a lost deed was similar to one to himself, except as to description, and his testimony was not offered in connection with his own deed as proof that he knew that it was true and correct when executed, his testimony should have been excluded.

4. *Evidence; Secondary; Preliminary Proof.*—Where it was shown that a deed was delivered by a witness to a lawyer at the request of one of the grantees, that such lawyer had since died and his family had moved to another state, that the deed had never been returned to him by the lawyer; that he had tried to trace the lawyer's family, and it further appeared that he and another witness had searched through the grantee's papers without finding the deed, and that the other grantee and his wife were both dead, and had left no known representative or relatives, such preliminary proof was sufficient to admit proof of the contents of the deed by secondary evidence.

5. *Taxation; Tax Titles; Assessment.*—Where the land was assessed for taxation to a person having no interest therein, the holder of a tax deed thereunder acquired nothing thereby.

6. *Adverse Possession; Color of Title.*—Where the holder did not go into possession of the land under the tax deed, such deed was not color of title.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Common-law ejectment by Ann Smith, Doe ex dem., against Richard Roe, with notice to Edward Singleton

and others.   Judgment for plaintiff, and defendants appeal. . Reversed and remanded.

Plaintiff claims as the widow of Emanuel Smith. The witness James Smith testified concerning the deed from Dan Kelly and wife to Emanuel Smith and Williams, and that he delivered the deed at Smith's request to Judge Easton, a lawyer, who is now dead, and whose family have gone to Kansas City, and that Easton never returned the deed to him, and that he had looked in the effects of Smith for their deed, and got Kierman to see if he could find the remaining portion of the family of Easton that was not dead, and Smith also testified that she had looked all through her husband's papers, and could not find it there.   The witness James Smith was then asked concerning the contents of the paper that he put in the hands of Lawyer Easton, with the result indicated in the opinion.

ERVIN & MCALEER, for appellant.   It is manifest that the deed made by Kelly as a witness was not admissible to prove the contents of the other. deed, and not being admissible for that purpose, it could not be used to refresh witness' recollection as to the contents of the other deed.—*Stewart v. Harris*, 60 South. 445.   The tax docket was not admissible.—Sec. 2272, Code 1907; *Watenslaben v. Haithcote, et al.*, 80 Ala. 570; *Parks v. Farrior*, 61 South. 303.   The court erred in refusing to exclude the evidence as to the deed from Kelly to the Williams because it had not been shown that such deed ever existed or was a genuine document.—*Elyton L. Co. v. Denny*, 108 Ala. 561; *Union Baptist Church v. Roper*, 61 South. 288; *Rucker v. Jackson*, 60 South. 140; *Shorter v. Shepherd*, 33 Ala. 657.   The loss of the deed had not been sufficiently accounted for.—*Zimmerman Mfg. Co. v. Dunn*, 163 Ala. 275.

FREDERICK G. BROMBERG, for appellee. Smith knew at first hand all about his deed and was competent to give his independent recollection after refreshing his memory. There was no objection to the tax docket.— *Lodge v. Wilkinson,* 56 South. 994. Sufficient preliminary proof was made to entitle the witness to state the contents of the lost deed.—*Shorter v. Shepherd,* 33 Ala. 657.

ANDERSON, J.—This court in the case of *Birmingham R. R. v. Seaborn,* 168 Ala. 658, 53 South. 241, in discussing the rule as to refreshing the memory of witnesses from memoranda, reiterated the rule as laid down in the case of *Acklen v. Hickman,* 63 Ala. 498, 35 Am. Rep. 543, wherein it was said: " 'The law recognizes the right of a witness to consult memoranda in aid of his recollection, under two conditions: First, when, after examining a memorandum made by himself, or known and recognized by him as stating the facts truly, his memory is thereby so refreshed that he can testify, as matter of independent recollection, to facts pertinent to the issue. In cases of this class, the witness testifies to what he asserts are facts within his own knowledge; and the only distinguishing difference between testimony thus given and ordinary evidence of facts is that the witness, by invoking the assistance of the memorandum, admits that, without such assistance, his recollection of the transaction he testifies to had become more or less obscured. In cases falling within this class, the memorandum is not thereby made evidence in the cause, and its contents are not made known to the jury, unless opposing counsel call out the same on cross-examination. This he may do, for the purpose of testing its sufficiency to revive a faded or fading recollection, if for no other reason. In the second class are em-

[Singleton, et al. v. Doe, ex dem. Smith.]

braced cases in which the witness, after examining the memorandum, cannot testify to an existing knowledge of the fact, independent of the memorandum. In other words, cases in which the memorandum fails to refresh and revive the recollection, and thus constitute it present knowledge. If the evidence of knowledge proceed no further than this, neither the memorandum, nor the testimony of the witness, can go before the jury. If, however, the witness go further, and testify that, at or about the time the memorandum was made, he knew its contents, and knew them to be true, this legalizes and lets in both the testimony of the witness and the memorandum. The two are the equivalent of a present, positive statement of the witness, affirming the truth of the contents of the memorandum.'—1 Greenl. Ev. §§ 436, 437; *Bondurant v. Bank,* 7 Ala. 830."

We do not think that the witness James Smith brought himself within the influence of the first proposition, for the reason that, after repeated examinations of his own deed, he was unable to give the contents of the missing paper as a matter of independent recollection with that degree of certainty as to leave no reasonable doubt as to the substantial parts of the lost deed. —*Elyton Land Co. v. Denny,* 108 Ala. 562, 18 South. 561. In other words, the evidence of this witness, when brought to a final analysis, is that he knew that Kelly gave Smith and Williams a paper identical with his own, except perhaps as to the description of the land, but as to the form or contents of same he could not testify except by way of comparison with and as dependent upon his own deed. This is to say that the witness, after examining his own deed, did not and could not testify as to the contents of the missing deed independent of his own deed, as he made repeated efforts to do so and corrected and changed his testimony so fre-

quently, as to the contents of the missing instrument, as to demonstrate that he knew nothing about it except that it was similar to his own deed, except perhaps as to the description of the land. Therefore the testimony comes under the first proposition involved in the second class as dealt with in the opinion, and the testimony of this witness should have been excluded, as it was not offered in connection with his own deed after proof by him that he knew that his own deed was true and correct when the same was executed, so as to bring the evidence within the influence of the last proposition asserted in dealing with the second class in the above quotation. The trial court erred in not excluding the testimony of the witness James Smith as to the contents of what purported to be a deed from Kelly to Emanuel Smith and Billy Williams.

We do not understand the case of *Stewart v. Harris,* 6 Ala. App. 518, 60 South. 445, as being in conflict with the foregoing rule, as the witness Packett had no personal knowledge of the correctness of the entries with which it was sought to refresh his recollection.

As this case must be reversed, we will add, as a guide upon the next trial, that the trial court did not err in holding that a sufficient predicate was laid for the introduction of secondary proof of the deed to Smith and Williams. It was last traced into the possession of W. C. Easton, and every reasonable effort was shown to locate the original if never returned by him. Its absence was also sufficiently accounted for by those in charge and control of the effects of Emanuel Smith, deceased, and the proof shows that it could not reasonably be located if ever returned to Williams, as the evidence shows that he and his wife were both dead, and that they left no known representative or relatives

We pretermit any consideration of the assignments of error based upon the tax deed and tax proceeding, for the reason that the same can have no bearing upon the real issue involved. The defendants do not defend as trespassers or under possession and color of title, but as heirs of Kelly, the man from whom the plaintiff deraigns title, and the sole question was whether or not the said Kelly conveyed the land to Smith and Williams, for unless Emanuel Smith, to whom the land was assessed, owned some interest in the land the plaintiff acquired nothing through the tax deed, nor did she go into possession under said tax deed so as to make it relevant as color of title. On the other hand, if Smith had any title to the land, the plaintiff did not need the tax deed to get the title of said Emanuel Smith into herself, as she had a deed from the heir of said Smith, which said deed was not questioned by the defendants.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.