**DEAL et al. v. HUBERT et al.   (4 Div. 949.)**

(Supreme Court of Alabama.   Jan. 18, 1923.)

**1. Appeal and error** ⊚⇒1050(1)—**Comment of civil engineer as to marks in field notes not prejudicial.**

Where, in ejectment, involving a disputed boundary line, after introduction of a map showing the land and line in controversy, comment of the civil engineer, based on his survey of the line, on "field notes" and marks or "witnesses" indicated therein, as to significance of the marks, was not prejudicial.

**2. Boundaries** ⊚⇒35(3)—**Expert surveyor may state that he acted on conclusion based on relevant data.**

An expert surveyor may properly act on his opinion or conclusion based on relevant data, and may state that he did so.

**3. Evidence** ⊚⇒130—**Permitting expert surveyor to support accuracy of his survey by comparison with another held error.**

In ejectment, where the controversy was over a disputed boundary line, permitting a civil engineer, who had surveyed the lines in controversy, to support the accuracy of his survey by stating that in another survey a stob was set in the right place was error, the matter being res inter alios acta.

**4. Evidence** ⊚⇒483(2) — **Nonexpert witness may testify as to boundaries adopted by adjacent owners.**

Where location of section lines is in dispute, a nonexpert witness may testify to the existing and visible lines and monuments adopted or assented to by adjacent owners, but cannot on such knowledge give his opinion as to what is the true line.

**5. Witnesses** ⊚⇒257—**Rule for reading from memorandum stated.**

A written memorandum, though made by a witness himself at the time of the transaction recorded, does not become evidence unless the witness testifies, after consulting the memorandum, that he then has no independent recollection of the matters recorded, but that he nevertheless, at about the same time he made the memorandum, knew the facts, and knew that it was a correct statement of the matters recited.

**6. Witnesses** ⊚⇒258—**Witness improperly permitted to read from memorandum.**

In ejectment, where controversy was over a boundary line, where defendants' witness stated that he was a county surveyor and that about a year before trial had run the boundary line, permitting plaintiffs' witness, who stated that he had accompanied defendants' witness on the survey and made a memorandum of it at the time, which he wrote in a book, to read such memoranda to the jury, without showing that witness did not have an independent recollection of the facts recited, was improper.

**7. Evidence** ⊚⇒318(1), 355(1), 470—**Conclusions, hearsay, and irrelevant statements not admissible in a memorandum.**

Conclusions, opinions, hearsay, and irrelevant statements are no more admissible in a

memorandum used in evidence than they would be in a direct oral testimony.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action by Ethel Hubert, Arthur Hodges, Wilmer Hodges, and Elmer Hodges, by her next friend, against Genus Deal, George Deal, and Travis Mixon. Judgment for plaintiffs and defendants appeal. Reversed and remanded.

The action is in statutory ejectment. The defendant disclaimed, and suggested that the controversy was over a disputed boundary line, and the issue was made up and submitted to the jury accordingly. On the evidence adduced, the jury found that the line contended for by the plaintiff was the correct line, and there was judgment for the plaintiff. The assignments of error are based on rulings on the evidence, which are sufficiently stated in the opinion.

Espy & Hill, of Dothan, for appellants.

Evidence of the running of lines and establishing corners by other surveyors was hearsay and incompetent. 76 South. 941; 204 Ala. 40, 85 South. 564. Any person who knows may testify whether a line is the true dividing line between lands. 199 Ala. 74, 74 South. 238. It is error to permit a witness to read memorandum to the jury as evidence. 63 Ala. 494, 35 Am. Rep. 54; 14 Ala. 101; 3 Ala. 100; 40 Cyc. 2451.

Reid & Doster and Lee & Tompkins, all of Dothan, for appellees.

It was permissible for the witness Bishop to testify as to the accuracy of Mickle's survey. 204 Ala. 40, 85 South. 564; 105 Ala. 43, 16 South. 758. The testimony of Hodges shows that he could not possibly have recited the contents of the memorandum book without reading it; that it was true and recorded at the time of the happening of the event to which the memorandum related; and this testimony and the book itself were admissible. 1 Greenl. Ev. § 436; 7 Ala. 830; 149 Ala. 240, 42 South. 1031; 63 Ala. 499, 35 Am. Rep. 54.

SOMERVILLE, J. [1] Plaintiff's witness Bishop testified that he was a civil engineer and the county surveyor, and that he had surveyed the lands and lines in controversy, and made a substantially correct map thereof. He was properly allowed to state that the map "showed his survey."

Referring to a blazed piece of timber produced in court, and shown to have been taken from the line of survey, the witness was allowed to say: "There were some little rises on each side there, which forced me to the conclusion I ought to find something." The witness was basing his survey on the "field notes" and the marks or "witnesses" indicated therein, and we see no objection to his comment, as an expert in such matters, as to the significance of those marks. Certainly the statement was not prejudicial.

[2] This witness was properly allowed to state that, at a certain point, he went south as far as he "thought the measurement should be made according to the [field] notes." An expert surveyor may properly act upon his opinion or conclusion based on relevant data, and may state that he did so.

[3] It was error, however, to allow this witness to support the accuracy of his own survey by stating that "in Mickle's run, Mickle's stob was set at the right place." Mickle was another surveyor, and, there being nothing to show that his survey was prima facie evidence of the true line as against this defendant, what he did was res inter alios acta, and should have been excluded. May v. Willis, 200 Ala. 583, 76 South. 941. For the same reason, it was error to allow the witness Hodge to compare the Bishop and the Mickle lines of survey, and to state that they ran right together, or practically together, or were the same, at designated points, or on designated courses. This witness' allusions to the line said to have been run by Hardwick, and the placing of a stob thereon by the latter, were subject to the same objection, and should have been excluded.

[4] Where the location of section lines, or their subsidiaries, is in dispute, a witness who is not an expert surveyor may testify to existing and visible lines and monuments which have been adopted or assented to by adjacent owners, but he cannot, upon such knowledge alone, give his opinion as to what is the true line. The witness Ham did not come within the class of experts held competent for that purpose in Pennington v. Mixon, 199 Ala. 74, 74 South. 238, and his opinion or conclusion as to where the true line was, was properly rejected.

Defendant's most important witness was one Crawford, who testified that he had been county surveyor, and that about a year before the trial he had run the boundary line in question, giving the details of his survey.

Plaintiffs then recalled their witness Hodge, who testified that he accompanied Crawford while he was making the survey referred to, and that he (Hodge) made a memorandum of the survey at the time, which he wrote down in a book. This book was then produced, and the witness began to read it to the jury.

Defendant objected to such use of the book on various grounds, among others, that the witness "was not using the memorandum to refresh his memory, but was reading to the jury past events as he had recorded or written them." This objection was overruled and the witness then read the first paragraph as follows:

"November 3d, 1919, Crawford survey; starting three quarters of a mile east of the southeast corner of section five, and run through one

degree 32 minutes south, run out 22 links north of stob, the old temporary stob, that is the one Mixon claims I called temporary."

Defendant's objection to this paragraph was overruled, and the witness then read from the book a lengthy and detailed narrative of the survey, as carried on by Crawford, and including some explanations and commentaries of his own, defendant objecting separately to the several paragraphs as read.

[5] A written memorandum, though made by the witness himself at the time of the occurrence of the transactions recorded, does not become evidence, and hence cannot be read to the jury, unless the witness testifies, after consulting the memorandum, that he then has no independent recollection of the matters recorded, but that he nevertheless, at or about the time he made the memorandum, knew the facts, and knew that it was a true and correct statement of the matters recited. Acklen v. Hickman, 63 Ala. 494, 35 Am. Rep. 54; B. R. L. & P. Co. v. Seaborn, 168 Ala. 658, 53 South. 241; 40 Cyc. 2467 (x).

[6] No such showing was made, and we are constrained to hold that the witness was improperly permitted to read his written narrative to the jury in the manner shown by the bill of exceptions. It may have been that the witness had an independent recollection of some of the facts recited, but not of others. If so, the memorandum should be used with appropriate discrimination as to these two classes of facts. We hardly need observe that to read a memorandum to the jury is, in fact, and in legal effect, to use the memorandum as evidence, a practice which is not permissible except under the conditions above stated.

[7] It should be noted, also, that the memorandum here in question contains some statements which are not competent evidence. Conclusions, opinions, hearsay, and irrelevant statements, are no more admissible in a memorandum used in evidence than they would be in direct; oral testimony.

We have not considered all of the assignments of error, since many of them are without merit, and others are not of material importance.

For the errors noted, the judgment will be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.