(97 South. 52)

## HOLLAND–BLOW STAVE CO. v. WHITMAN et al. (8 Div. 428.)

(Supreme Court of Alabama. June 7, 1923. Rehearing Denied June 30, 1923.)

**1. Garnishment ⊚⇒179 — Before judgment against garnishee valid, he must have been served with writ of garnishment and notice of conditional judgment.**

In order to render a judgment against a garnishee valid, he must not only have been served with the writ of garnishment, but, where there has been a conditional judgment for failure to accept, he must also be served with notice before the conditional judgment is made absolute.

**2. Garnishment ⊚⇒187—Court of equity may set aside invalid judgment against garnishee; burden of proof on complainant.**

Where a judgment against a garnishee has been rendered without due service of the writ of garnishment or notice of a conditional judgment, it may be set aside by a court of equity, though the burden of proving such want of notice is on complainant.

**3. Garnishment ⊚⇒187—Evidence held to warrant setting aside judgment against garnishee.**

In a suit to cancel a judgment against a garnishee, where complainant alleged that he had not been served with the writ of garnishment and had had no notice of the conditional judgment entered against him, evidence consisting of an expense memorandum kept by him, which disclosed that on the date of the alleged service he had paid certain traveling expenses in another city, indicating no service could have been made, *held* sufficient to warrant setting aside the judgment.

Appeal from Circuit Court, Morgan County; Osceola Kyle, Judge.

Bill by the Holland-Blow Stave Company against E. D. Whitman and James A. Foreman, as Sheriff of Morgan County. From a decree denying relief, complainant appeals. Reversed and remanded.

The bill sets out an entry upon the docket of W. L. Gover, a justice of the peace of Morgan county, in which it is recited that, in the case of E. D. Whitman v. Clarence Green (Holland-Blow Stave Company, garnishee) on December 31, 1915, a default judgment was taken against the defendant; that a writ of garnishment was served upon Holland-Blow Stave Company, summoning it to appear before said justice on said December 31, 1915, to make answer; that the garnishee failed to appear, whereupon a conditional judgment was entered against the garnishee. The entry so set out in the bill further recites that a notice and copy of conditional judgment were served on the garnishee commanding it to appear and show cause why the judgment should be set aside, and, the garnishee failing to appear, "the judgment is made absolute," January 25, 1916.

It is averred that complainant was served with neither a writ of garnishment nor notice of conditional judgment, and was without knowledge or notice of the existence of the proceedings; that no execution was issued or served upon complainant until the same had become final and absolute by the expiration of six months; that the sheriff of Morgan county, through one of his deputies, has levied execution on certain property of complainant, and has announced his purpose to sell the same.

It is prayed that the judgment of the justice of the peace be canceled, and that the respondent Whitman and the sheriff be enjoined from enforcing said judgment.

E. W. Godbey, of Decatur, for appellant.

Garnishment is a special statutory remedy, and the court has no jurisdiction to render judgment against the garnishee, save upon a due return of service. Albright-Pryor Co. v. Pacific Selling Co., 126 Ga. 498, 55 S. E. 251, 115 Am. St. Rep. 108. Failure of the proof to show service is fatal to the judgment against the garnishee. Code 1907, § 4305; 5 Mich. Ala. Dig. 551; Goode v. Holcombe, 37 Ala. 94. All courts have the inherent power to correct their records to make them speak the truth, even after final decree or appeal; and the substitution of the omitted memorandum sheet was proper. The order of substitution, not being appealed from, cannot be reviewed. Peddy v. Street, 87 Ala. 299, 6 South. 3; Ware v. Brewer, 34 Ala. 114; Ex parte Henderson, 84 Ala. 36, 4 South. 284; Branch v. Griffin, 99 N. C. 173, 5 S. E. 393, 398; Code 1907, § 5744.

G. O. Chenault, of Albany, for appellees.

Counsel argues the questions, but without citing authorities.

ANDERSON, C. J. [1] It is unquestionably the law that in order to render a valid judgment against a garnishee he must not only have been served with the writ of garnishment, but, when there has been a conditional judgment for failure to answer the writ, he must also be served with notice before the conditional judgment is made absolute. Section 4324 of the Code of 1907; Lowry v. Clements, 9 Ala. 422; Goode v. Holcombe, 37 Ala. 94.

[2, 3] When a judgment has been rendered without compliance with the foregoing requirements, a court of equity has the power to set aside such judgment upon proof by the complainant that he was not served with notice and that he has a meritorious defense. It is well settled, however, that while want of notice is negative in character, the burden of proof is on the complainant to show that he was not in fact served. The return of

the officer bears a certain degree of solemnity and is prima facie evidence of the recital thereof, and testimony of · the officer will not as a rule be overturned by the mere denial of the complainant that he was served, unaccompanied with such facts or circumstances that leave his evidence merely negative. King v. Dent, 208 Ala. 78, 93 South. 823; Dunklin v. Wilson, 64 Ala. 162. As stated in the opinion in this last case:

"Neither witness states any fact or circumstance, in aid of his testimony, that was calculated to impress its date on their memories. * * * In the absence of some attending circumstance to fix the attention, associated in the memory with the transaction itself, there is no subject on which human recollection is more frequently at fault, than the particular date of past occurrences."

In this case, however, there are elements which make the denial of Gibson more than mere negative evidence. He not only testifies that he was not served with notice as to the conditional judgment, but after refreshing his memory with a memoranda, which he knew to be correct when made, swore that he was in Birmingham at the time as his expense account kept for a period covering months discloses charges paid for meals and railroad fare on said day. The evidence of Gibson, as well as the memoranda, were admitted in evidence. "The two are the equivalent of a present, positive statement of the witness, affirming the truth of the contents of the memorandum." Singleton v. Doe ex dem. Smith, 184 Ala. 199, 63 South. 949. The trial court erred in not granting the complainant the relief sought, and the decree of the circuit court is reversed, and the cause is remanded in order that the trial court may make the proper orders and directions as to canceling the judgment in question.

Reversed and remanded.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.

On Rehearing.

ANDERSON, C. J. It appears that the memorandum of the witness Gibson, to which we refer, that is, that sheet of the book kept by him showing items spent by · him in Birmingham on July 21st—the day the service is claimed to have been made upon him—became detached from the book, and that the commissioner who took the deposition omitted said page or item in transcribing the testimony of said Gibson. After the decree was rendered, and after an appeal had been taken to this court, and before the transcript had been sent up, appellant's counsel made a motion to substitute so as to include said memorandum in the evidence, and the trial court granted the motion; so when the record reached this court it contained the memorandum. The respondent then made a motion to expunge this addition to the record, and this court overruled said motion January 23, 1923, in effect holding that the trial court properly granted the motion to correct the record. The trial court wrote an opinion in the main case, and, also, one upon the motion to 'substitute, and the latter was considered by this court when passing upon the motion. Some months thereafter this case was submitted on the merits, and as the motion had been previously passed on we found no occasion for reading or considering the opinion of the learned trial court in dealing with the motion, thus considering the case upon the evidence as then disclosed, and overlooked the recital in the last opinion that this evidence was not before the trial court when the decree was rendered, notwithstanding it should have been, and, in fact, was before us by the ruling of the trial court, and which we upheld when passing upon the motion.

We therefore modify our former judgment reversing and remanding with directions to cancel, and now reverse and remand in order that the trial court can reconsider this cause upon all of the evidence which was introduced, but an item of which was inadvertently omitted from the record. It may be that, ordinarily, when the trial court discovered this omission, it should have set aside the decree and the submission; but in justice to the trial court it must be noted that this omission was not discovered or brought to his attention until after the appeal was taken.

Reversed and remanded.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.