(107 So. 716)

**CENTRAL OF GEORGIA RY. CO. v. GRAVES. (4 Div. 131.)**

(Court of Appeals of Alabama. March 16, 1926.)

1. Evidence ☜377—Memorandum of articles destroyed by fire held admissible, where witness testified he made the memorandum, and "knew that said stuff was in there."

In action for damage by fire, a memorandum of the articles destroyed was admissible, where plaintiff testified that he made the memorandum and "knew that said stuff was in there," since that meant he knew list was correct.

2. Railroads ☜456—Permitting inflammable matter on railroad right of way is negligence.

Permitting highly inflammable pine straw and dry weeds at point on railroad right of way, where fire started, is negligence which renders company liable for damages caused thereby, regardless of care and skill used in construction and maintenance of engine which caused ignition.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Action for damages by E. H. Graves against the Central of Georgia Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

G. L. Comer & Son, of Eufaula, for appellant.

The memorandum offered in evidence by plaintiff was erroneously admitted. Sou. Ry. v. Wilson, 35 So. 561, 138 Ala. 510; B. R., L. & P. Co. v. Seaborn, 53 So. 241, 168 Ala. 658; Acklen v. Hickman, 63 Ala. 494, 35 Am. Rep. 54; Singleton v. Doe ex dem. Smith, 63 So. 949, 184 Ala. 199. Defendant was due the affirmative charge. L. & N. v. Malone, 20 So. 33, 109 Ala. 509; Tinney v. C. of Ga., 30 So. 623, 129 Ala. 523; Sou. Ry. v. Dickens, 49 So. 766, 161 Ala. 144; L. & N. v. Sullivan Timber Co., 35 So. 327, 138 Ala. 379; Sullivan Timber Co. v. L. & N., 50 So. 941, 163 Ala. 125; L. & N. R. Co. v. Marbury Lbr. Co., 28 So. 438, 125 Ala. 237, 50 L. R. A. 620; Lilley v. Fletcher, 1 So. 273, 81 Ala. 234; City Del. Co. v. Henry, 34 So. 389, 139 Ala. 161. It was incumbent upon plaintiff to rebut proof of proper construction and condition of the engine. Pettus v. L. & N., 214 Ala. 187, 106 So. 807.

Chauncey Sparks, of Eufaula, for appellee.

The memorandum introduced was admissible as original evidence and as a written memorial of the witness' testimony. Foster v. Smith, 16 So. 61, 104 Ala. 248; Acklen v. Hickman, 63 Ala. 494, 35 Am. Rep. 54. The affirmative charge was properly refused to defendant. A. G. S. v. Stewart, 73 So. 827, 15 Ala. App. 466; Sou. Ry. v. Dickens, 49 So. 766, 161 Ala. 144; Sou. Ry. v. Everett, 99 So. 82, 211 Ala. 61; Sou. Ry. v. Johnson, 37 So. 919, 141 Ala. 575.

BRICKEN, P. J. This appeal is from a verdict and judgment for damage by fire alleged to have been caused by the negligence of appellant.

[1] The first insistence of error is that the court erred in admitting in evidence, over the objection and exception of appellant, a list or memorandum of the articles destroyed by the fire. Appellee, plaintiff, testified that he made the memorandum, and "knew that said stuff was in there." Fairly interpreted, this can mean nothing else than that the witness knew the memorandum to be correct. The rule is that, if the witness testifies that he knows the contents of the memorandum, made by himself, and knows it to be correct, then both the memorandum and the testimony of the witness is legal evidence. Singleton et al. v. Doe, etc., 63 So. 949, 184 Ala. 199; Holland-Blow Stave Co. v. Whitman, 97 So. 52, 210 Ala. 109; Foster v. Smith, 16 So. 61, 104 Ala. 248.

[2] It is further insisted for the appellant that the evidence of negligence was insufficient to submit the case to the jury; thus entitling defendant to the requested affirmative charge. This question would be a serious one but for the positive testimony of plaintiff as to the condition of defendant's right of way at the point where the fire started. The evidence is that the fire started or was first discovered, soon after the passage of one of defendant's trains. Plaintiff testified that—

"At the particular place where the fire started there was on the right of way pine straw and weeds and pines; weeds that had been cut down and were very dry, they were cut down by the section foreman, and this was very inflammable, about as inflammable as could be."

It has been held by this court that to permit such a condition to exist is negligence on the part of the railroad. The exact question is fully discussed and the law clearly stated in the case of Southern Railway Co. v. Dickens, 49 So. 766, 161 Ala. 144; Southern Ry. Co. v. Kendall, 69 So. 328, 14 Ala. App. 242.

If the jury believed the testimony of plaintiff relative to the condition of the right of way, plaintiff was entitled to recover, regardless of the skill and care used in the construction and maintenance of the engine, since it is a matter of common knowledge that fire will escape from the best equipped and most carefully operated locomotive so as to ignite very combustible material allowed to accumulate near the track on the right of way. It follows that the case was properly submitted to the jury.

Numerous requested charges were refused by the court, but the principles of law embodied in each of these charges were fairly and substantially covered by the oral charge

of the court, or by written charges given at the request of the defendant.

There is no error, and the judgment of the circuit court is affirmed.

Affirmed.