54 So.2d 317

### ALLISON v. BRISKEY.
### 6 Div. 237.

Court of Appeals of Alabama.
Oct. 2, 1951.

Jos. S. Mead, Birmingham, for appellant.

Barber & Barber, Birmingham, for appellee.

HARWOOD, Judge.

Plaintiff's complaint contained several counts, though the sole count submitted to the jury in the trial below alleged that the plaintiff had placed with the de-

fendant for storage for hire in his warehouse certain furniture and household goods, and averred that plaintiff was notified by the defendant by letter that a fire had occurred in his warehouse and damaged the aforesaid goods; that the day following the receipt of said letter the plaintiff went to defendant's warehouse, viewed her property and told an agent of the defendant that she desired to remove the same, but that said agent, acting within the scope of his authority as such agent, told her that she could not remove said property; that four days later she returned to the warehouse and found that her property had been greatly damaged and rendered of no value whatever, and that such damage resulted proximately from the negligence of the defendant in caring for the property subsequent to the time of her notification of the fire.

The defendant filed demurrers to this count which were overruled.

The above count shows that the defendant owed the plaintiff a duty as a bailor for hire, that there was a breach of such duty, and that as a proximate consequence the plaintiff was damaged. This sufficiently stated plaintiff's cause of action and the court properly overruled the demurrer. Alabama Baptist Hospital Board v. Carter, 226 Ala. 109, 145 So. 443.

Appellant contends, among other things, that the lower court erred in its ruling on the demurrer for the reason that total destruction, or damage, to the property bailed terminates the bailment. While statements to this effect may be found in a few cases, a review of these cases shows that they pertain to the collection of rents for personal chattels hired for a specific use and purpose, and damage has rendered the bailed property useless for the purpose for which it was hired.

Such principle can have no fair application to damage to goods bailed solely for storage.

The trial below resulted in a verdict and judgment for the plaintiff, her damages being assessed at $600. The defendant's motion for a new trial being overruled, appeal was perfected to this court.

Since in our opinion a ruling of the lower court in the admission over the defendant's objection of a certain written memorandum necessitates a reversal of this cause we see no need to discuss the evidence submitted by the plaintiff other than to observe that it was sufficient to support the verdict and judgment rendered.

Appellant's assignment of error No. 8 pertains to the admission in evidence, over appellant's objection of the above mentioned memorandum. The evidence preliminary to the admission of this paper in evidence shows that it was a copy of a list of her property, in appellant's warehouse made by the appellee right after the warehouse fire. The evidence further tended to show that the list correctly reflected the articles of furniture, etc. stored in appellant's warehouse, being a copy of the list of said articles as shown by the warehouse list furnished appellee by appellant, with the monetary value of each article placed opposite each respective article by the appellee.

However there is an absence of any preliminary evidence tending to show that at the time the paper was offered in evidence whether the witness (appellee) had an independent recollection of the information contained in the list, or whether after consulting the list a faded present recollection of its contents may have been revived. Neither was there any evidence tending to show that the witness no longer recalled the facts set forth in the exhibit.

In overruling appellant's objection to the introduction of this memorandum the court made the following statement: "The Court: Well, as I said, since there are a number of items, and since it is the witness' own memorandum, I will overrule the objection; I think that she can testify in that fashion."

It is true that where a witness has testified out of his own independent recollection to a considerable number of items, a memorandum reflecting such testimony may properly be allowed to go to the jury to aid their recollection of such detailed testimony. Pace v. Louisville and Nashville R. R. Co., 166 Ala. 519, 52 So. 52. There had

been no such detailed testimony by the witness in this case however, so the admission of the memorandum cannot be justified on this principle.

In Acklen's Executor v. Hickman, 63 Ala. 494, the Supreme Court spelled out the requirements as to the use of memoranda by a witness, and the basis of reception into evidence of such memoranda. These principles were laid down as follows:

"The law recognizes the right of a witness to consult memoranda in aid of his recollection under two conditions: First, when, after examining a memorandum made by himself, or known and recognized by him as stating the facts truly, his memory is thereby so refreshed that he can testify, as a matter of independent recollection, to facts pertinent to the issue. In cases of this class, the witness testifies to what he asserts are facts within his own knowledge; and the only distinguishing difference between testimony thus given, and ordinary evidence of facts, is that the witness by invoking the assistance of the memorandum admits that, without such assistance, his recollection of the transaction he testifies to, had become more or less obscured. In cases falling within this class, the memorandum is not thereby made evidence in the cause, and its contents are not made known to the jury, unless opposing counsel call out the same on cross-examination. This he may do, for the purpose of testing its sufficiency to revive a faded or fading recollection, if for no other reason.

"In the second class are embraced cases in which the witness, after examining the memorandum, can not testify to an existing knowledge of the fact, independent of the memorandum. In other words, cases in which the memorandum fails to refresh and revive the recollection, and thus constitute it present knowledge. If the evidence of knowledge proceed no further than this, neither the memorandum, nor the testimony of the witness can go before the jury. If, however, the witness go further, and testify that, at or about the time the memorandum was made, he knew its contents, and knew them to be true, this legalizes and lets in both the testimony of the witness and the memorandum. The two are the equivalent of a present, positive statement of the witness, affirming the truth of the contents of the memorandum."

Our Supreme Court again, in Deal v. Hubert, 209 Ala. 18, 95 So. 349, 350, in reversing the case because of the admission of a memorandum into evidence in the trial below stated:

"A written memorandum, though made by the witness himself at the time of the occurrence of the transactions recorded, does not become evidence, and hence cannot be read to the jury, unless the witness testifies, after consulting the memorandum, that he then has no independent recollection of the matters recorded, but that he nevertheless, at or about the time he made the memorandum, knew the facts, and knew that it was a true and correct statement of the matters recited. Acklen['s Executor] v. Hickman, 63 Ala. 494, 35 Am.Rep. 54; * * *.

"No such showing was made, and we are constrained to hold that the witness was improperly permitted to read his written narrative to the jury in the manner shown by the bill of exceptions."

The doctrines enunciated above have been reiterated in various ways in many other cases, notably, Acklen's Executor v. Hickman, 63 Ala. 494; Parsons v. State, 251 Ala. 467, 38 So.2d 209; World Fire & Marine Insurance Co. v. Edmondson, 244 Ala. 224, 12 So.2d 754; Williams v. Riddlesperger, 227 Ala. 113, 148 So. 803; Roll v. Dockery, 219 Ala. 374, 122 So. 630, 65 A.L.R. 1473; Oden-Elliott Lumber Co. v. Daniel-Gaddis Lumber Co., 210 Ala. 582, 98 So. 730; Deal v. Hubert, 209 Ala. 18, 95 So. 349; Warten v. Black, 195 Ala. 93, 70 So. 758; Riley v. Fletcher, 185 Ala. 570, 64 So. 85; Louisville & Nashville R. R. Co. v. Cassibry, 109 Ala. 697, 19 So. 900; Mitchell v. State, 22 Ala.App. 300, 115 So. 149; Foster v. Smith, 104 Ala. 248, 16 So. 61; Pace v. Louisville & Nashville R. R. Co., 166 Ala. 519, 52 So. 52; Baird Lumber Co. v. Devlin, 124 Ala. 245, 27 So. 425; Hirschfelder, Adm'r, v. Levy & Co., 69 Ala. 351.

Appellee's counsel relies upon a statement in the opinion of this court in the case

of Central of Georgia Railway Co. v. Graves, 21 Ala.App. 280, 107 So. 716, as follows: "The first insistence of error is that the court erred in admitting in evidence, over the objection and exception of appellant, a list or memorandum of the articles destroyed by the fire. Appellee, plaintiff, testified that he made the memorandum, and 'knew that said stuff was in there.' Fairly interpreted, this can mean nothing else than that the witness knew the memorandum to be correct. The rule is that, if the witness testifies that he knows the contents of the memorandum, made by himself, and knows it to be correct, then both the memorandum and the testimony of the witness is legal evidence. Singleton v. Doe, 184 Ala. 199, 63 So. 949; Holland-Blow Stave Co. v. Whitman, 210 Ala. [108] 109, 97 So. 52; Foster v. Smith, 104 Ala. 248, 16 So. 61."

Taken by itself, this statement would seem to sustain appellee's contention that the lower court properly admitted the memorandum. We have however examined the original record in this case and find that in connection with the admission of the memorandum in the above mentioned case it was admitted "that the witness proved the separate value of each article as set down and mentioned in said memorandum." With this fact adduced, the doctrine of the Central of Georgia Railway Co. v. Graves, supra, is not out of harmony with the established doctrines as to the admissibility of memoranda of the type now being considered.

Reversed and remanded.